**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

KEVIN NODINE,               )
On Behalf of Himself and All Others  )
Similarly Situated,             )
                            )   Case No.  15-cv-758
     Plaintiffs,          )
                            )   **CLASS ACTION**
v.                          )
                            )
PLAINS ALL AMERICAN  PIPELINE,  )   **JURY TRIAL DEMANDED**
L.P., a Delaware limited partnership,  )
PLAINS PIPELINE, L.P., a Texas limited  )
partnership, and JOHN DOES 1 through 10, )
                            )
     Defendants.         )

**CLASS ACTION COMPLAINT**

COME NOW Kevin Nodine, individually and on behalf of all similarly situated persons, and for their Class Action Complaint, state as follows, based where applicable upon personal knowledge, information and belief:

1.     This is a Class Action seeking money damages and other redress arising from the Plains All American Pipeline oil spill occurring in and around Highland, Illinois in 2015 (hereinafter "2015 Highland Oil Spill"). As alleged in this complaint, as a result of Defendants' negligent and reckless conduct, a pipeline fitting burst at one of Defendants' pump stations near Highland, Illinois, causing crude oil to contaminate the surrounding area.

**I.     PARTIES**

2.     Plaintiff, Kevin Nodine, is a resident of Highland, Illinois.

3.     Defendant, Plains All American Pipeline, L.P., is a Delaware limited partnership with its principal place of business in Houston, Texas. Defendant operates through or on behalf of PAA GP LLC, a Delaware limited liability company; Plains AAP, L.P. ("AAP"), a Delaware

limited partnership that is the sole member of PAA GP LLC; Plains All American GP LLC ("GP LLC"), a Delaware limited liability company; Plains GP Holdings, L.P. ("PAGP"), a Delaware limited partnership that is the sole member of GP LLC; and PAA GP Holdings LLC, the general partner of PAGP. Plains All American Pipeline, L.P.'s registered agent is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

4.      Defendant, Plains Pipeline, L.P., is a Texas limited partnership with its principal place of business in Houston, Texas. Plains Pipeline, L.P. is a subsidiary of Plains All American Pipeline, L.P. Plains Pipeline, L.P.'s registered agent is Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

5.      On information and belief Defendants John Doe 1 through 10, are corporations or partnerships, the names and addresses of residence of which are currently unknown.

6.      Defendants own and operate multiple storage facilities, crude oil pipeline, and pumping stations, including the pumping stating in Highland, Illinois where the 2015 Highland Oil Spill originated.

## II.      JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because the amount in controversy exceeds $5 million, exclusive of interest and costs, and members of the proposed class are citizens of different states than Defendants.

8.      This Court has personal jurisdiction over Defendants because they have sufficient minimum contacts with Illinois, including but not limited to Defendants' ownership and operation of the Highland, Illinois pumping station where the 2015 Highland Oil Spill originated.

9.      Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

### III.    FACTS

10.    Highland is a city in Madison County, Illinois, located next to Silver Lake, with a population of approximately 9,860 people.

11.    A pipeline fitting ruptured or otherwise failed at Defendants' Pocahontas Pump Station, near the border of Bond and Madison Counties in Illinois, causing well over 4,000 gallons of crude oil to spill into the surrounding waterways in and near Highland, Illinois. The ruptured pipeline fitting was allegedly discovered on or about July 10, 2015.

12.    The Pocahontas Pump Station is part of the Capwood Pipeline that runs from Defendants' Patoka Station to Wood River, Illinois.

13.    As alleged throughout this Complaint, the failure of Defendants' pump station was a direct result of their negligent and unlawful acts and omissions.

14.    This is not the first time Defendants' negligent and unlawful conduct has resulted in a devastating oil spill. On May 19, 2015, Defendants' negligence resulted in a corroded pipeline rupturing and spilling approximately 101,000 gallons of crude oil along the Gaviota coast in Santa Barbara, California (hereinafter "California Oil Spill"). Nearly 21,000 gallons made its way through a storm culvert out into the Pacific Ocean.

15.    The July 2015 Highland, Illinois spill and the California spill are clear examples of a large corporation putting profit over safety at the expense of innocent people and wildlife as both spills resulted from the unlawful acts and negligence of Defendants, and their failure to properly maintain and inspect their equipment to prevent these spills.

16.    The Highland, Illinois spill is particularly disturbing as it now threatens to contaminate nearby Silver Lake, which is the water source for Highland residents and other

surrounding communities. This in addition to the detrimental effect it has already had and will continue to have on the surrounding environment, wildlife, and properties.

17.     The July 2015 spill has caused Silver Lake to be closed to recreational usage and institution of additional monitoring and testing, overseen by the EPA, on Highland's water supply.

18.     The crude oil that spilled from Defendants' Highland, Illinois pump station continues to spread, causing damage and threatening health and further damage.

## IV.     CLASS ACTION ALLEGATIONS

19.     Plaintiff brings claims pursuant to Federal Rule of Civil Procedure 23 on behalf of the class of similarly situated persons. Plaintiff proposes to represent the following class:

> All persons or businesses in the United States that claim economic losses, injuries, or damages to their property, person, occupation, business, and/or health as a result of the oil spill in and around Highland, Illinois in 2015.

20.     The class members are ascertainable and have a well-defined community of interest among their members.

21.     **Ascertainability:** The precise number of members can be ascertained in at least two ways. First, because the members of the proposed Class live in a geographically confined area, providing notice to them via newspapers, trade publications, and other routine avenues of communication will be easily accomplished. Second, Defendants' records –such as logs of complaints from affected class members –will also serve to ascertain potential Class members.

22.     **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical. The proposed Class likely contains hundreds of members.

23.     **Commonality:** There are common questions of law and fact that predominate over any questions affecting only individual members of the Class.

24.     For Plaintiff and the Class, the common legal and factual questions include, but are not limited to, the following:

a.   Whether Defendants acted negligently and/or fraudulently to cause the oil spill;

b.   Whether Defendants had installed and maintained adequate safety measures and systems at the Highland, Illinois pump station to prevent the spill;

c.   Whether Defendants conducted adequate supervision that could have prevented the spill;

d.   Whether Defendants conduct constituted violations of statutes, ordinances, regulations, or other laws;

e.   Whether Defendants engaged in unconscionable, deceptive, and/or unreasonable business practices and conduct;

f.   Whether Defendants knowingly, intentionally, or negligently concealed, suppressed, or omitted material facts concerning the safety of its pump station from the public;

g.   Whether Defendants knowingly, intentionally, or negligently concealed, suppressed, omitted, or delayed relaying material facts regarding the spill to local, state, and federal agencies, thereby slowing the response, and/or increasing the damages to Plaintiff and members of the Class;

h.   Whether the Class suffered injury by virtue of Defendants' negligence, recklessness, carelessness, and/or unconscionable and/or deceptive business practices; and

i.   Whether Defendants are strictly liable to Plaintiffs and the Class, by virtue of state and/or federal law.

25.     **Typicality**: The representative Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all the members of the Class have been injured by the same wrongful acts and omissions of Defendants. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

26.     **Adequacy of Representation**: Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiff nor Plaintiff's attorneys have any interests contrary to or in conflict with the Class.

27.     **Rule 23(b)(3)**: In addition to satisfying the prerequisites of Rule 23(a), Plaintiffs satisfy the requirements for maintaining a class action under Rule 23(b)(3). Common questions of law and fact predominate over any questions affecting only individual Class members and a class action is superior to individual litigation. The amounts of damages available to individual plaintiffs are insufficient to make litigation addressing Defendants' conduct economically feasible in the absence of the class action procedure. Individualized litigation also presents a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

28.     **Rule 23(b)(2)**. Plaintiff also satisfies the requirements for maintaining a class action under Rule 23(b)(2). Defendants have acted or refused to act on grounds that apply generally to the proposed class, making final declaratory or injunctive relief appropriate with respect to the proposed Class as a whole.

29.     **Rule 23(c)(4)**. Plaintiff also satisfies the requirements for maintaining a class action under Rule 23(c)(4). The claims of Class members are composed of particular issues that are common to all Class members and capable of class wide resolution that will significantly advance the litigation.

## V.      CAUSES OF ACTION

### COUNT I
### Strict Liability for Ultrahazardous Activities

30.     Plaintiff incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully set forth herein.

31.     At all times herein, Defendants have been the owner and operator of the oil pipeline and pump station in Highland, Illinois.

32.     At all times relevant to this action, Defendants had supervision, custody, and control of said pipeline and pump station.

33.     At all times herein, Defendants were under a continuing duty to protect the Plaintiff and the members of the proposed Class from the harm caused by the spill originating at the pump station.

34.     Defendants were engaged in an ultrahazardous activity by transporting, storing, pumping, and otherwise handling and exercising control over flammable, hazardous, and toxic oil through its pipeline and at its pump station.

35.     Plaintiff and the Class have suffered harm from the discharge of toxic oil from Defendants' pump station.

36.     The injuries sustained by Plaintiff as a result of the oil spill were the direct and proximate result of Defendants' activity.

37.     The harm to Plaintiff and the Class, was of the kind of harm that would be reasonably anticipated as a result of the risks created by transporting, storing, pumping, and otherwise handling and exercising control over flammable, hazardous, and toxic oil through its pipeline and at its pump station in close proximity to the Highland, Illinois

38.     Defendants' operation of the pump station and its failure was a substantial factor in causing the harms suffered by Plaintiff and the Class.

39.     Due to Defendants' strict liability, Plaintiff and Class members are entitled to recover actual damages.

40.     The acts and omissions of Defendants were done with malice, fraud, and/or oppression as set out in this Complaint.

## COUNT II
## Violation of the Oil Pollution Act of 1990, 33 U.S.C. § 2701 et seq.

41.     Plaintiff incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully set forth herein.

42.     The Federal Oil Pollution Act provides that "each responsible party for…a facility from which oil is discharged…into or upon the navigable waters or adjoining shorelines…is liable for the removal costs and damages…that result from such incident." 33 U.S.C. § 2702(a).

43.     Recoverable damages include "injury to, or economic losses resulting from destruction of, real or personal property" and "the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources." *Id*. at (b)(2)(B) & (E).

44.     The Act defines "facility" as including a "pipeline" used for transporting oil. 33 U.S.C. § 2701(9).

45.    In the case of a discharge of oil from a pipeline, the "responsible party" is "any person owning or operating the pipeline." *Id.* at (32)(E).

46.    Defendants are the owners and/or operators of the pipeline and pump station at issue in the cause of action, and are thus the "responsible party."

47.    Plaintiff and members of the Class have suffered and will continue to suffer damage to real property, economic losses, and impairment of their use and enjoyment of real property as a result of the discharge of oil from Defendant's pipeline and pump station.

48.    Defendant is responsible for compensating Plaintiff and members of the Class for their current and future harm and damage, removing the oil from their real property and the surrounding environment, restoring the properties and natural resources harmed and/or destroyed as a result of Defendants' oil spill, and ensuring that oil is not moved through the pipeline or pump station and near neighboring properties without adequate safety mechanisms to prevent future spills and regular monitoring.

## COUNT III
## Trespass

49.    Plaintiff incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully restated here.

50.    Defendants discharged a polluting matter beyond the boundary of Plaintiff's and Class Members' real property in such a manner that, it was reasonably foreseeable that the pollutant would, in due course, invade Plaintiff's and Class members' real property and cause harm.

51.    By discharging polluting matter, Defendants entered, invaded, and intruded on the real properties of Plaintiff and the Class members' without privilege, permission, invitation, or justification.

9

52. Defendants had a duty to use reasonable care not to enter, intrude on, or invade Plaintiff's and Class members' real properties. Defendants also owed a duty to Plaintiff and members of the Class to exercise reasonable care in the manufacture, maintenance, and operation of their pipeline and pump stations.

53. Defendants had a heightened duty of care to Plaintiff and the Class because of the great danger associated with transporting, storing, pumping, and otherwise handling and exercising control over flammable, hazardous, and toxic oil so near to residential areas and nearby real properties in and near Highland, Illinois.

54. Defendants breached the duty they owed to Plaintiff and members of the Class when they failed to exercise reasonable care in the manufacture, maintenance, and operation of their pump station, which conduct resulted in entry, intrusion, or invasion on Plaintiff's and Class Members' real properties.

55. Defendants knew or should have known that their conduct would foreseeably result in a disastrous oil spill, causing damage to the real properties and economic interests of persons in the area affected by the spill.

56. As a direct and proximate result of Defendants' trespass, Plaintiff and Class Members have suffered legal injury and damages, in an amount to be proven at trial, including, but not limited to, property damage, diminution of value of real estate, loss of income and other economic loss.

57. Defendants' wanton or reckless conduct, as described herein, entitles Plaintiff and Class members to punitive damages.

## COUNT IV
### Negligence

58.      Plaintiff incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully restated here.

59.      Defendants owed a duty to Plaintiff and the Class to exercise reasonable and ordinary care. That duty arose from, among other things, federal, state, and local laws that require Defendants to operate a pipeline and pump station in a manner that does not damage public health and safety.

60.      Defendants breached that duty to Plaintiff and the Class by, among other things, failing to install reasonable safety equipment to prevent a spill, and failing to promptly respond to and contain the spill.

61.      Defendants, in the exercise of reasonable care, should have known that a fitting at their pump station could rupture or otherwise fail, and spill significant amounts of oil.

62.      As a direct and proximate result of Defendants' negligence, Plaintiff and the Class have sustained damages. Not only has the spill had a detrimental effect on the surrounding environment and wildlife, but it has also cause damage to Plaintiff and Class members' properties and threatens to contaminate Silver Lake, which is the water source for communities in and around Highland, Illinois.

## COUNT V
### Negligence Per Se

63.      Plaintiff incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully restated here.

64.      At all times herein mentioned, Defendants negligently, wantonly, carelessly and/or recklessly maintained and operated their pump station in Highland, Illinois.

65.    Defendants violated several statutes, ordinances, or regulations including but not limited to the Oil Pollution Act of 1990, 33 U.S.C. § 2701 et seq.

66.    As a direct and legal cause of the Defendants' wrongful acts and omissions herein above set forth, Plaintiff and the Class have suffered and will suffer economic harm, injury, and losses.

67.    Plaintiff's harm resulted from the occurrence of the nature that the laws listed above were designed to prevent, and Plaintiff is a member of the class of persons for whose protection those laws were adopted.

68.    The acts and omissions of Defendants, and each of them, were done with malice, fraud, and/or oppression as described in this Complaint.

## COUNT VI
## Public Nuisance

69.    Plaintiff incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully restated here.

70.    Defendants have created a condition that is harmful to health and interferes with the comfortable enjoyment of life and property by discharging crude oil onto the waterways in and near Highland, Illinois.

71.    That nuisance affects a substantial number of individuals similarly situated to the Plaintiff, such as residents and visitors to Highland, Illinois, and businesses that rely on the safe and healthy environment in the county.

72.    The oil spill is a condition which would reasonably annoy and disturb an ordinary person, as shown by, for example, the potential health impacts of the spill, the community outrage in response to the spill, and the nationwide interest in the spill's impact's on the area and its water supply.

73.     The seriousness and gravity of that harm outweighs the social utility of Defendants' conduct. There is little or no social utility associated with releasing crude oil into the waterways in Highland, Illinois.

74.     Plaintiff and the Class suffered harm and injury to their properties, businesses, and health, which they did not consent to and which is different from the type of harm suffered by the general public.

75.     The above acts and omissions also created a public nuisance *vis-à-vis* the Plaintiff and the Class, interfering with the property rights of Plaintiff and the Class, and rights incidental to those property rights.

76.     As a direct and legal cause of Defendants' wrongful acts and/or omissions herein above set forth, Plaintiff and the Class have suffered and will suffer economic harm, injury, and losses as herein above set forth.

77.     To remedy the harm caused by Defendants' nuisance, Plaintiff will seek public injunctive relief, including, but not limited to, an order requiring Defendants to restore the waterways and properties impacted by the spill.

78.     In maintaining the nuisance, which is ongoing, Defendants are acting with full knowledge of the consequences and damage being caused, and the acts and omissions of Defendants, were done with malice, fraud, and/or oppression as described in this Complaint.

## COUNT VII
### Continuing Private Nuisance

79.     Plaintiff incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully restated here.

80.     Defendants' actions and inactions caused, maintained, and/or permitted the contamination alleged in this action by its negligence, intentional or otherwise, actionable acts, and/or omissions.

81.     Defendants created the contamination at issue, which is harmful to both human health and the environment and interferes with Plaintiff's comfortable use and enjoyment of the real property in which he has a possessory interest.

82.     Defendants were, at all relevant times, in sufficient control of the Highland, Illinois pump station to have known of the threatened release of oil and associated hydrocarbons and to have prevented the resulting contamination. Defendants knew or should have known that their operation of the failed pump station would have, and did, cause the contamination described herein.

83.     Despite knowledge and forewarning, Defendants failed to take reasonable steps to prevent the failure which resulted in the contamination at issue.

84.     Defendants failed to take reasonable steps to abate the contamination at issue, which continues to spread to previously uncontaminated areas. The contamination is, however, abatable, and, therefore, it is continuing in nature. This also confirms that Defendants have knowingly maintained the nuisance, i.e. the contamination at issue.

85.     Plaintiff did not consent to the ongoing damage to the use and enjoyment of his property as a result of Defendants' actions and inactions.

86.     After having a reasonable opportunity to do so, Defendants failed to take reasonable measures to properly abate the contamination described herein.

87.    As a direct and proximate cause, Defendants' acts and omissions have caused substantial actual damage and immediate and ongoing diminution of the value of Plaintiff's real property and the property of the Class.

88.    As a result, Plaintiff has and will continue to suffer damages, both economic and otherwise.

89.    Plaintiff is informed and believes, and on that basis alleges, that the contamination is continuing and abatable.

90.    As a proximate result of the nuisance, Plaintiff has and will continue to suffer damages.

**COUNT VIII**
**Permanent Injunction**

91.    Plaintiff incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully restated here.

92.    Defendants, and each of them, wrongfully and unlawfully caused oil to spill out of their pump station located in Highland, Illinois, onto surrounding areas, into the nearby waterways, and onto Plaintiff and Class members' properties. These activities were allegedly discovered on or about July 10, 2015 and are continuing to the present time.

93.    In the absence of an injunction, Defendants will continue to violate the rights of Plaintiff and the Class. Defendants, and each of them, have refused and still refuse to refrain from their wrongful conduct.

94.    Defendants' wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and the Class.

95.    Plaintiff and the Class have no adequate remedy at law for the injuries that will result from failure of the Defendants to safely operate their pipeline and pump station and it

could be impossible for Plaintiff and the Class to determine the precise amount of damages they will suffer if Defendants' conduct is not restrained and Plaintiff is forced to institute a multiplicity of suits to obtain adequate compensation for injuries and harm to real property.

## PRAYER FOR RELIEF

Plaintiff, individually and on behalf of all others similarly situated, requests judgment against Defendants as follows:

A.      For an order certifying the Class and appointing Plaintiff as a representative of the Class and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

B.      Permanently enjoining Defendants from operating a pipeline and pump station in Highland, Illinois without adequate safety and response measures;

C.      For all recoverable compensatory, statutory, and other damages sustained by Plaintiff and the Class, including disgorgement, unjust enrichment, and all other relief allowed under applicable law;

D.      Granting Plaintiff and the Class awards of restitution and/or disgorgement of Defendants' profits from its unfair and unlawful practices described above;

E.      For costs;

F.      For both pre-judgment and post-judgment interest on any amounts awarded;

G.      For appropriate injunctive relief, including public injunctive relief; *i.e.*, an order requiring Defendants to restore properties and waterways effected by the spill;

H.      For treble damages insofar as they are allowed by applicable laws;

I.      For appropriate individual relief as request above;

J.      For payment of attorneys' fees and expert fees as maybe allowable by law;

K.      For exemplary or punitive damages as allowable by law for the oppression, fraud, and malice alleged above; and

L.      For such other and further relief, including declaratory relief, as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable by right.

Respectfully submitted,
THE DRISCOLL FIRM, P.C.


BY:      /s/ John J. Driscoll
         JOHN J. DRISCOLL (6276464)
         THE DRISCOLL FIRM, P.C.
         211 North Broadway, Suite 4050
         St. Louis, Missouri 63012
         Telephone No. (314) 932-3232
         Fax No. (314) 932-3233